UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| iGO, INC., f/k/a MOBILITY ELECTRONICS, INC. | ) ) ) | |
| Plaintiff, | ) ) | 2:08-cv-01224 JWS |
| vs. | ) ) | ORDER AND OPINION [Not Under Seal] |
| COMARCO, INC. and COMARCO WIRELESS TECHNOLOGIES, INC., | ) ) ) | [Re: Sealed Motion at Docket 141] |
| Defendants. | ) ) ) | |

## I.  MOTION PRESENTED

At docket 141, defendants Comarco, Inc. and Comarco Wireless Technologies, Inc. (collectively, "Comarco") move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  iGo, Inc. ("iGo") opposes Comarco's motion at docket 142.  Comarco replies at docket 144.  Oral argument was not requested and would not assist the court.

The motion papers were filed under seal because they include discussions of certain terms of a settlement agreement in prior litigation which set out confidential business information.  However, this order does not disclose any information which the court considers to be confidential.  Hence, this order is not being filed under seal.

## II. BACKGROUND

In 2001 and 2002, Comarco and iGo were involved in a consolidated patent infringement action concerning the validity and enforceability of Comarco's patents (the "prior litigation"), which was resolved by a July 12, 2003 settlement agreement (the "Agreement"). In the Agreement, iGo (formerly known as Mobility Electronics, Inc.) and Comarco covenanted not to "challenge, or cause or encourage any third party to challenge, or assist or aid or abet any third party in challenging, the validity or enforceability of any of the currently issued Comarco Patents or Mobility Patents, in any action or proceeding, including without limitation proceedings in any court or before any patent office."[1] Comarco also granted iGo:

> "a non-exclusive, perpetual, royalty-free, worldwide license (without the right to sublicense) to make, have made, to offer to sell and sell (and to have offered for sale and have sold) to import (and have imported) to distribute (and have distributed) and to use any product which would, without this license, infringe or contribute to or induce the infringement of any claim of the [Comarco patents]."[2]

Finally, the Agreement released Comarco and iGo from "any and all claims, counterclaims, demands, causes of action, damages, losses, debts, obligations, suits, costs, expenses, fees . . . and liabilities . . . arising out of or relating to the [iGo or Comarco] Patents."[3] The Comarco patents that were the subject of the Agreement included U.S. Patent Nos. 6,091,611 (the "'611 patent") and 6,172,884 (the "'884 patent").

---

[1] Docket 141, Exhibit H § 3.3.

[2] *Id.* § 3.1.

[3] *Id.* §§ 4.1-4.2.

iGo initiated the current litigation against Comarco, alleging that Comarco had infringed two of iGo's patents, patents which were not included in the Agreement. Because Comarco had accused iGo of infringing the '611 and '884 patents on the ground that they had been improperly sublicensed to Radio Shack, iGo also included a claim asking for a declaration of rights under the Agreement.  In response, Comarco counterclaimed, alleging, *inter alia*, that iGo had breached the Agreement's prohibition of sublicensing and thereby infringed the '611 and '884 patents.  In response, iGo raised invalidity and unenforceability defenses to Comarco's counterclaim that the '611 and '884 patents had been infringed.

Comarco now moves to dismiss iGo's invalidity and unenforceability defenses on the ground that iGo is estopped from challenging the validity and enforceability of the '611 and '884 patents by § 3.3 of the Agreement.  iGo responds by contending that Comarco's assertion of breach of contract and patent infringement counterclaims on the '611 and '884 patents *prior to* iGo's assertion of validity and enforceability defenses constitutes a breach of the § 4.2 of the Agreement.  Comarco replies that its breach of contract and infringement counterclaims are based on the enforcement of the sublicensing provision of the Agreement, and do not represent a claim on the '611 and '884 patents.

### III. STANDARD OF REVIEW

In reviewing Comarco's motion under Rule 12(c), the court views the facts presented in the pleadings in the light most favorable to the plaintiff, accepting as true all allegations in the complaint and treating as false those allegations in the answer that

contradict plaintiff's allegations.[4]  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."[5] "[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment."[6]

## IV. DISCUSSION

As the court sees it, the question presented is whether (a) Comarco's assertion of patent infringement counterclaims on the '611 and '884 patents constitutes a breach of § 4.2 of the Agreement which would permit iGo to plead its defenses, *or* (b) iGo's assertion of validity and enforceability defenses to Comarco's patent infringement claims constitute a breach of § 3.3 of the Agreement.  Comarco argues that its infringement counterclaims on the '611 and '884 patents do not constitute a breach of the agreement because Comarco's underlying claim is for breach of the sublicense provision.  iGo counters that Comarco's assertion of infringement counterclaims induced it to raise validity and enforceability defenses.  Comarco responds that its breach of contract and infringement counterclaims are "related" and therefore are merely attempts to enforce the agreement.

---

[4]*Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1301 (9th Cir. 1992).

[5]*Hal Roach Studios v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (citing *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984)).

[6]*Id.*

It is the court's tentative conclusion that both parties may have breached the Agreement by raising claims and defenses foreclosed by the Agreement. However, the court declines to rule definitively on whether Comarco's infringement claims or iGo's validity and enforceability defenses breach the Agreement until it can be determined whether iGo's dealings with Radio Shack constitute a breach of the Agreement. If so, Comarco has a remedy for breach of the Agreement which would seem to render the infringement claims superfluous. If not, Comarco would have no counterclaim against iGo.[7]

## V. CONCLUSION

For the reasons set forth above, defendants' motion for judgment on the pleadings at docket 141 is **DENIED**.

DATED at Anchorage, Alaska, this 8th day of April 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[7]It may be noted that, as iGo correctly points out, the question of whether an arrangement with a third party is a sublicense is fact dependent. *See* Docket 142 at 11-13 (citing *Cyrix Corp. v. Intel Corp.*, 77 F.3d 1381, 1387 (Fed. Cir. 1996)).